[No. 16601. *En Banc.* April 6, 1922.]

*In the Matter of the Estate of* WILLIAM DUNCAN.

THE STATE OF WASHINGTON, *Appellant*, v. THOS. N. STRONG, *Respondent*.[1]

TAXATION (226)—INHERITANCE TAX—INTEREST—STATUTES—"NEC-ESSARY LITIGATION." Rem. Comp. Stat., § 11210, tolling the fifteen months within which inheritance taxes must be paid in order to avoid interest charges, if by reason of "necessary litigation" the sum due could not be determined within that period, is not limited to questions concerning the computation, but includes unsuccessful litigation disputing the right of the state to collect the tax.

SAME (226). The fact that the right of the state to collect an inheritance was unsuccessfully contested, does not show that the litigation was not "necessary" within Rem. Comp. Stat., § 11210, tolling the time for payment during "necessary" litigation, where the contest was in good faith and of such doubt as to lead the trial court into error.

Appeal from an order of the superior court for King county, Brinker, J., entered March 24, 1921, in favor of the defendant, in proceedings to determine the interest due on an inheritance tax due from the estate of a decedent. Affirmed.

*The Attorney General* and *Geo. G. Hannan, Assistant,* for appellant.

*C. Henri Labbe* and *Wilson & Guthrie,* for respondent.

FULLERTON, J.—The facts involved on this appeal are not in dispute. William Duncan died testate, leaving an estate in this state consisting of money on deposit in a bank. His will devised the estate to certain named trustees to be devoted by them to charitable uses. A controversy arose between the trustees and the state whether the estate was subject to an inherit-

[1]Reported in 206 Pac. 1.

ance tax, and this controversy was submitted to the superior court sitting in probate and determined against the state's contention. The state appealed to this court, where the judgment of the trial court was reversed, our holding being that the estate was subject to the tax. *In re Duncan's Estate,* 113 Wash. 165, 193 Pac. 694. On the return of the remittitur, a new controversy arose. The state contended that it was entitled to interest on the amount of the tax due at the statutory rate from the date of the death of the decedent until the date of the payment of the tax. · The trustees opposed the contention, and the controversy was determined by the trial court against the contention of the state. From the order of the court entered to that effect, the state prosecutes the present appeal.

The controversy hinges on the meaning of § 9192 of the code (Rem.), as amended by §3, ch. 146, p. 595, of the Laws of 1917. The section as amended, in so far as it is material, reads as follows:

"All taxes imposed by this act shall take effect and accrue upon the death of the decedent or donor. If such tax is not paid within fifteen months from the accruing thereof, interest shall be charged and collected at the rate of eight per centum per annum unless by reason of necessary litigation such tax cannot be determined and paid as herein provided, in which case interest at the rate of eight per centum per annum shall be charged upon such tax from and after the time the cause of such delay is removed. . . ." [Rem. Comp. Stat., § 11210.]

In determining whether the estate was liable to the tax, its payment was delayed for a longer period than fifteen months, and the sole question is whether the litigation causing the delay was the litigation contemplated by the statute; that is to say, whether it was necessary litigation by reason of which the tax could not be determined and paid. The state argues that the

litigation contemplated by the statute is litigation which in some manner affects the amount of the tax to be paid and prevents its computation—such, for example, as litigation over property claimed both by the estate and by some other party, litigation over the right of inheritance, litigation over claims against and claims in favor of the estate which cannot be otherwise determined—but that it does not relate to litigation over the question whether the estate is or is not liable for the payment of a tax. But we cannot accept this view. While the statute is somewhat indefinite, certainly, litigation brought to determine whether a tax is or is not due from the estate as much prevents the computation and payment of the tax as does litigation brought to determine the amount due from the estate, and to so construe it is not to depart from its literal wording. Nor do we think the construction put upon the statute by the state correctly reflects the intent and purpose of the legislature. To so construe it is to give it a penal effect; it is to say that the legislature intended to impose a greater payment on the estate when the litigation concerning the amount of the tax was of one sort than it imposes when it is of another. Penalties for the nonpayment of taxes when due are, of course, common and usual and are necessary to the protection of the state. But this is not a penalty of that sort, if the state's contention be correct. It is a penalty imposed for asserting a claimed right in the courts. It is needless to say that such penalties are not favored, even if they can be said to be in accord with public policy.

Litigation which will excuse the payment of interest on the tax must, of course, under the terms of the statute, be necessary litigation. But all unsuccessful litigation disputing the right of the state to collect the tax

cannot be unnecessary. The statute creating the tax exempts certain bequests to charitable uses from its operation, and instances must arise where there is room for an honest difference of opinion whether the particular instance is within or without the exemption. A trustee of a trust is charged with the duty of administering the trust honestly and in accordance with law. He cannot with impunity pay unlawful claims against the trust property any more than he can with impunity fail to assert its lawful claims. Indeed, dereliction in this regard might in many instances be held to be neglect of duty so gross as to charge the trustee with a personal liability. The trustee must, therefore, not only for the protection of the trust estate, but for his own protection, litigate many claims in which he may not be successful. When, therefore, he acts in good faith, and there is reasonable ground for his act, he should not be charged with instigating unnecessary litigation. The rule is applicable here. Not only was there a doubt of liability, but it was of such a nature as to induce the learned trial judge to hold there was no liability.

The order is affirmed.

PARKER, C. J., TOLMAN, MITCHELL, HOVEY, HOLCOMB, MAIN, and MACKINTOSH, JJ., concur.