The question involved in this case is the amount of the inheritance tax which an estate should pay.
Bertha Haury died testate June 30, 1931. Her estate consisted almost entirely of real estate. The property was appraised August 20, 1931, by three appraisers appointed by the superior court. The real estate was appraised at six thousand dollars, and the personal property at fifty dollars, or a total of six thousand and fifty dollars. The estate was subject to an inheritance tax in accordance with the laws of this state.
Sometime during the year 1935, the assets of the *Page 44 
estate were sold in accordance with an order of the superior court for the purpose of paying the debts, taxes, expenses of administration, etc. At the sale, the property was purchased for $2,121.80. There were deductions, about which there appears to be no controversy, in the amount of $1,105.80, to be made before the inheritance tax was computed. The trial court entered a judgment to the effect that the sale price, and not the appraised value, furnished the basis upon which the inheritance tax should be paid. From this judgment, the supervisor of the inheritance tax and escheat division of the state appealed.
The appellant says that the proper basis upon which the inheritance tax should be paid is the appraised value, less the deductions, or $4,944.12. The respondent says that the proper basis is the sale price, less the deductions, or $1,015.92, upon which he offers to pay the tax.
[1] The question, then, is whether the appraised value or the sale price of the property, made in the due course of administration for the purpose of paying debts, taxes, expenses of administration, etc., is the basis upon which the tax should be computed.
In In re Ferguson's Estate, 113 Wn. 598, 194 P. 771, 13 A.L.R. 122, it was held that, where the court, in the course of administration of an estate, had ordered the sale of real property to pay debts and the sale price was less than the appraised value, the inheritance tax should be computed upon the price received for the lands sold and not upon the appraised value. That case is directly in point, and is controlling as supporting the judgment of the trial court, unless, as claimed by the appellant, it has been modified or overruled by the later case of In re Sherwood's Estate, 122 Wn. 648, 211 P. 734.
In the latter case, the question was entirely different *Page 45 
from that presented in the Ferguson case. In the Sherwood
case, the later case, the question was whether the Federal estate tax should be deducted before the computation of the state inheritance tax. In the course of the opinion in that case, theFerguson case is referred to and the holding in that case set out. There is nothing in the comment made upon the case which would indicate an intention to overrule it. In fact, the discussion of the case closes with this: "We cannot, therefore, consider it as decisive of the question now before us." It cannot reasonably be concluded from any language in the Sherwood case that the Ferguson case, the prior case, was either overruled or modified in so far as it definitely holds that, where there is a difference between the appraised value of real estate and the sale value, the inheritance tax shall be computed upon the latter sum.
The statute, Rem. Rev. Stat., § 11211 [P.C. § 7062], upon which the Ferguson case was based, has been subsequently amended (Laws of 1935, p. 783, § 113) in certain particulars, but so far as the question which we are now considering is concerned, there is no substantial difference between the two statutes.
We adhere to the holding in the Ferguson case, which is controlling.
The judgment will be affirmed.
MILLARD, C.J., STEINERT, GERAGHTY, and BLAKE, JJ., concur. *Page 46