This case raises the question of the amount of inheritance tax due the state of Washington.
Anna N. Elvigen died testate, June 2, 1930, leaving a nonintervention will and a separate estate subject to probate appraised at $48,555.76. Creditors' claims and expenses of administration recited in the inheritance tax report are in the sum of $4,662.42, thus leaving a net estate in the sum of $43,893.34. By reason of the extended administration of this estate, further expenses were subsequently incurred incident to its administration and the repair and maintenance of the assets of the estate.
The probate of this estate was begun on June 17, 1930, and decedent's will was duly admitted to probate on June 27, 1930. The appraisers were appointed by the lower court by an order bearing date of July 3, 1930. On July 13, 1930, an inventory of all of the property was duly signed and filed. Some of the assets *Page 616 
were not in liquid form, and it appears that some have materially depreciated in value since decedent's death.
Decedent's will sets forth twelve specific bequests, and the codicil thereto directs that each legacy shall be paid in full in the numerical order in which they appear in the will before the next succeeding legacy shall be paid.
The fifteenth paragraph of the will provides:
"All the residue and remainder of my estate, if any, I give and bequeath unto my said husband, Otto L. Elvigen, in trust for such charitable or benevolent purposes as he shall deem proper, .. ."
The assets of the estate consist of a small amount of household furniture and equipment, $7,255.76 cash, and two hotels in Spokane. The executor took over the operation of these hotels and paid off each legacy in the order provided in the will and paid the inheritance tax due on specific bequests in the sum of $700, the last payment on this tax being made on August 24, 1931. Thus it is clear that the inheritance tax was duly paid on a number of specific bequests enumerated in decedent's will within fifteen months from the date of the death of decedent. The inheritance tax on the residuary bequest, recited in paragraph fifteen of the will, remains unpaid. The executor distributed assets of the estate to the beneficiaries in the order designated in the will.
The executor requested the state inheritance tax and escheat division to toll the running of interest upon the tax due on the residuary bequest, and the division acceded to the request. On September 2, 1931, the superior court entered an order holding the tax due on the residuary bequest in abeyance for further determination, without accrual of interest. The specific bequests amount to $30,000, leaving a residue upon which *Page 617 
the tax has not been paid in the sum of $13,893.34, which, after repeated demands, remains unpaid.
Meanwhile, the revenue act of 1935 increased the inheritance tax rates and provided in § 124, chapter 180, p. 791 (Rem. Rev. Stat. (Sup.), § 11211e [P.C. § 7030-184]), that, in the event a tax were due before the passage of this act, it might be paid under the law effective immediately before the passage of this act if paid within ten months from the time this law becomes effective. Since the balance of the tax still remained unpaid at the expiration of the ten months period allowed in § 124,supra, the supervisor of the division filed findings under § 107(c) and § 107(d) of chapter 180 of the Laws of 1935, pp. 772, 773 (Rem. Rev. Stat. (Sup.), § 11202-1 [P.C. § 7030-167] (c) (d)).
The executor filed his objections to the findings, objected to the tax as computed, requested that the division take nothing by the findings, and that the same be dismissed with prejudice. The trial court found there remained unpaid only the tax due on the residuum, and that, after payment of all specific legacies and expenses of administration, if a residuum remained, that the tax thereon be ascertained and fixed pursuant to chapter 180,supra, and paid by the executor without interest.
Appellant assigns the following errors: (1) In ruling that there only remained for determination the tax due upon an undetermined contingent remainder; (2) in refusing to find that the amount of tax due the state from the estate is in the amount found by the supervisor and a lien upon all the assets of the estate; (3) in holding that there is an undetermined contingent estate taxable under Rem. Rev. Stat., § 11206 [P.C. § 7057]; (4) in deciding that the state is entitled to take nothing under the findings of the supervisor; *Page 618 
and (5) in dismissing these proceedings with prejudice.
[1] We are convinced that there is no contingent remainder or remainder as such involved in this estate, but that the testator simply intended and in fact provided for a residuary legacy. Hence, Rem. Rev. Stat., §§ 11205 and 11206 [P.C. §§ 7056, 7057], and the laws of 1929, p. 529, § 2, are not applicable to the instant case. The bequest in the fifteenth paragraph of the will vested immediately upon the death of the testator, and was determinable as of that time. The bequest in the residuary clause bequeaths a present vested interest, not dependent upon any prior estate, and was therefore vested and not contingent.
"If, when the will goes into effect, there is no contingency either as to the person entitled to the remainder, or as to the event by which the intermediate estate is to be determined, then the remainder is vested." Shufeldt v. Shufeldt, 130 Wn. 253,227 P. 6.
[2] In view of the fact that this was a nonintervention will, the executor was vested with a wide latitude of discretion in administering the estate. The executor deemed that the continued operation of the hotels would prove beneficial to the estate and enable him to pay the bequests enumerated in decedent's will. Rem. Rev. Stat., §§ 1462, 1463, 1464 [P.C. §§ 9967, 9968, 9969]; 24 C.J. 57, § 475; 3 Bancroft's Probate Practice (1928), 1995, § 1236; In re Macdonald's Estate,29 Wn. 422, 69 P. 1111; In re Megrath's Estate, 142 Wn. 324,253 P. 455, 256 P. 503; In re Krueger's Estate, 180 Wn. 165,39 P.2d 381.
[3] However, this did not afford the executor of the estate a reason for disregarding the inheritance tax due on the residue of the estate, referred to in the fifteenth paragraph of the will. *Page 619 
Rem. Rev. Stat., § 11209 [P.C. § 7060], prescribes:
"Every executor, administrator or trustee having in charge or trust any property subject to said tax, and which is made payable by him, shall deduct the tax therefrom, or shall collect the tax thereon from the legatee or person entitled to said property, and he shall not deliver any specific legacy or property subject to said tax to any person until he has collected the tax thereon."
Rem. Rev. Stat. (Sup.), § 11201 [P.C. § 7030-164], provides in part:
". . . all administrators, executors, and trustees, and any such grantee under a conveyance, and any such donee under a gift, made during the grantor's or donor's life, shall be respectively liable for all such taxes to be paid by them, with interest as hereinafter provided until the same shall have been paid. . . ." (Laws of 1935, chapter 180, p. 768, § 104, amended by Laws of 1937, chapter 106, p. 420, § 1.)
Under these statutes, it was clearly the duty of the executor to collect the inheritance tax due from the estate prior to the distribution of any portion of the assets of the estate, and the payment of the tax upon the specific bequests does not release the same from the balance of the tax due. These statutes,supra, are not unlike those existing in a number of states. Annotation, L.R.A. 1915C, 615.
[4] Rem. Rev. Stat. (Sup.), § 11211a [P.C. § 7030-174], prescribes in part:
"All real estate and the improvements thereon, of the estate of a deceased person, for the purpose of computing the inheritance tax, shall be valued and appraised at the fair market value thereof on the day of the death of the decedent owner thereof. . . ." (Laws 1935, chapter 180, p. 784, § 114.)
Under this statute, the market value of the two hotels in question as of the date of the death of decedent is the basis for the determination of the inheritance *Page 620 
tax. This statute reflects the general rule. 61 C.J. 1714, § 2623; Annotation, 13 A.L.R. 127; Ross on Inheritance Taxation (1912), 307, § 259.
"The statutes of all of the states do not provide when the appraisal shall be made for inheritance tax purposes, but all of the statutes have some provision fixing the accrual of the tax as of date of death. In view of these provisions fixing the accrual of tax at date of death, the courts of practically all of the states where the matter has been presented have held the time when the value of property is to be determined for the purpose of fixing the inheritance tax in the state of decedent to be at the date of the decedent's death." Kidder, State Inheritance Tax and Taxability of Trusts (1934), 329.
Since there was sufficient cash in the estate to pay the creditors' claims and expenses of administration, it was unnecessary to sell any of the assets of the estate at a figure less than the appraised value. Therefore the rule we announced inIn re Ferguson's Estate, 113 Wn. 598, 194 P. 771, 13 A.L.R. 122, and In re Haury's Estate, 188 Wn. 43, 61 P.2d 421, 83 A.L.R. 939, is not applicable here.
[5] Rem. Rev. Stat. (Sup.), § 11201 [P.C. § 7030-164], provides in part:
"The inheritance tax shall be and remain a lien on such estate from the death of the decedent until paid . . ."
Under this statute, the lien of a valid inheritance tax continues until the tax is paid. In re Kennedy's Estate,188 Wn. 84, 61 P.2d 998; 75 A.L.R. 544; State ex rel. Pembertonv. United Pac. Cas. Ins. Co., 188 Wn. 304, 62 P.2d 729.
[6] It is true that a tax does not bear interest unless imposed by statute. New Whatcom v. Roeder, 22 Wn. 570,61 P. 767; Henry v. McKay, 164 Wn. 526, 3 P.2d 145, 77 A.L.R. 1025. *Page 621 
"The purpose of imposing penalties for tax delinquencies is to compel all property owners to bear their equal share of the public burden, to pay their taxes promptly, and to punish taxpayers for frauds, evasions, and neglect of duty." 61 C.J. 1484, § 2109.
In the event one is delinquent in paying an inheritance tax, by the express terms of Rem. Rev. Stat., § 11210 [P.C. § 7061], an interest penalty is imposed.
Rem. Rev. Stat., § 11210 [P.C. § 7061], provides:
"All taxes imposed by this act shall take effect and accrue upon the death of the decedent or donor. If such tax is not paid within fifteen months from the accruing thereof, interest shall be charged and collected at the rate of eight per centum per annum unless by reason of necessary litigation such tax cannot be determined and paid as herein provided, in which case interest at the rate of eight per centum per annum shall be charged upon such tax from and after the time the cause of such delay is removed. In all cases where a bond shall be given under the provisions of section 11217 [11205] interest shall be chargeable at the rate of eight per centum per annum from and after a period of sixty days from the time that the person or persons owning the beneficial interest come into the possession of same until the payment thereof." (Italics ours.)
Under the rule laid down in In re Lambrecht's Estate,112 Wn. 645, 192 P. 1018, if the tax is not paid within fifteen months from decedent's death, the tax draws interest from the date of the death of decedent at the rate of eight per cent per annum until paid.
This statute provides the interest penalty shall attach unless "necessary litigation" defers the determination of the tax. Under the express terms of the statute, the litigation which will excuse the payment of interest on the tax must be necessary litigation. State v. Pabst, 139 Wis. 561, 121 N.W. 351; Kidder, State Inheritance Tax and Taxability of Trusts (1934) *Page 622 
458; In re Duncan's Estate, 119 Wn. 426, 206 P. 1. In this case, we said:
"Penalties for the nonpayment of taxes when due are, of course, common and usual and are necessary to the protection of the state."
Since the record discloses no semblance of litigation in the instant case, the interest penalty attached from the date of the death of decedent and continues until payment of the tax due.
[7] Conceding that the interest penalty would ordinarily attach upon the expiration of the fifteen months period from date of death, that brings us to a consideration of the question whether the court had jurisdiction to enter the order of September 2, 1931. The statute relating to the imposition of the interest penalty is clear and unequivocal. The superior court is clothed with no authority to waive the payment of interest save upon the existence of "necessary litigation."
"In the absence of statutory authorization, the courts have no power to relieve delinquent taxpayers from penalties incurred by violations of the statutes providing therefor, . . ." 61 C.J. 1494, § 2151.
Lamont Savings Bank v. Luther, 200 Iowa 180, 204 N.W. 430;People ex rel. Stuckart v. Sanberg Co., 282 Ill. 245,118 N.E. 469; The Cedar Rapids M.R.R. Co. v. Carroll County, 41 Iowa 153; Wright v. Atwood, 33 Ida. 455, 195 P. 625; People exrel. Arkansas Valley etc. Co. v. Burke, 72 Colo. 486,212 P. 837, 30 A.L.R. 1085.
"Jurisdiction of the subject matter is essential in every case; a condition precedent, in a way, to the acquisition of authority over the parties. A judgment is a mere nullity if pronounced by a court which undertakes to exercise authority over matters wholly outside the powers conferred upon it by law." 1 Freeman on Judgments (5th ed.), 674-5, § 337. *Page 623 
See, also, State ex rel. Bogle v. Superior Court, 63 Wn. 96,114 P. 905.
The superior court having no authority to enter this order, it is a nullity.
The mere fact that the supervisor's predecessor in office erroneously agreed to waive the interest penalty is no reason why the incumbent supervisor is bound thereby.
"Powers conferred upon a public officer can be exercised only in the manner, and under the circumstances, prescribed by law, and any attempted exercise thereof in any other manner or under different circumstances is a nullity." 46 C.J. 1033, § 290.
[8] Respondent complains that the bequest still remaining unpaid to Andrew Berggreen, of Trondhjem, Norway, of two thousand dollars in trust for the use of Barnehjemmet Fru Schibsteds Minde, a children's home, of Fiusnes, Norway, should be exempt. The record shows that the inheritance tax division advised respondent by letter dated March 24, 1931, that this bequest was exempt. We find this bequest falls within the exemption provided in the Laws of 1921, chapter 51, § 1, p. 160, and this statute relating to exemptions from inheritance taxes was not amended until the Laws of 1931, chapter 134, § 8, p. 406 (Rem. Rev. Stat., § 11218 [P.C. § 7052]), so as to provide, inter alia:
"Provided, That all such gifts, bequests, devises and transfers be limited for use within the State of Washington."
Laws of 1931, chapter 134, § 12, p. 409 (Rem. Rev. Stat., § 11203-3 [P.C. § 7068-22a]), provides:
"The foregoing provisions in this act shall apply to all cases pending in the inheritance tax and escheat division at the time this act takes effect, except as hereinbefore provided." *Page 624 
Among the foregoing provisions is § 8, supra. The instant estate was clearly pending before the division within the meaning of § 12, supra, and therefore, although the division correctly advised respondent that this bequest was exempt as of March 24, 1931, chapter 134, §§ 8 and 12, this bequest was removed from the exempt category and made taxable, since the charitable bequest will be used outside the state of Washington. In re McIntire'sEstate, 178 Wn. 81, 34 P.2d 432; In re Thomas' Estate,185 Wn. 113, 53 P.2d 305; and In re Colman's Estate,187 Wn. 312, 60 P.2d 113. The application of § 12, supra, was not altered or modified in any manner by subsequent legislation. Laws of 1935, chapter 180, p. 706; Laws of 1937, chapter 106, p. 420.
Hence, with respect to the proportionate part of the estate on which the tax remains unpaid, the interest penalty at the rate of eight per cent per annum, from the date of death until paid, applies, and the rates set forth in Rem. Rev. Stat. (Sup.), § 11202 [P.C. § 7030-166], Laws of 1935, chapter 180, § 106, p. 770, are applicable. In re Fotheringham's Estate, 183 Wn. 579,49 P.2d 480; In re Ward's Estate, 183 Wn. 604,49 P.2d 485, 102 A.L.R. 496.
The judgment must be, and is, reversed.
STEINERT, C.J., MAIN, ROBINSON, and BEALS, JJ., concur. *Page 625