ON MOTION FOR REHEARING. (Filed December 20, 1937.)
The cross-appellants herein have filed a petition for rehearing, to which appellants have filed objections, and in addition now for the first time seek to have this court modify the order determining the tax with respect to the rate of interest on the amount of the tax.
The cross-appellants argue that our construction of the[15, 16] inheritance statutes in our original opinion, to the effect that the amount of the federal estate tax paid may not be deducted, and that the amount of the inheritance tax shall be computed in accordance with this construction, renders the Act unconstitutional, in that a tax is imposed upon the right to receive something which in fact is never received; namely, the amount of property or money necessary to pay the federal tax estate.
Both the state tax and the federal tax are imposed at the moment of death. What was said by the United States Supreme Court in the case of Frick v. Pennsylvania, 268 U.S. 473,45 Sup. Ct. 603, 608, 69 L.Ed. 1058, 42 A.L.R. 316, is pertinent here. That court declared: "With this understanding of the power in virtue of which the two taxes are imposed, we are of opinion that neither the United States nor the state is under any constitutional obligation in determining the amount of its tax to make any deduction on account of the tax of the other. With both the matter of making such a deduction rests in legislative discretion. In their present statutes both direct that such a deduction be not made. *Page 430 
It is not as if the tax of one, unless and until paid, presented an obstacle to the exertion of the power of the other. Here both had power to tax and both exercised it as of the same moment. Neither encroached on the sphere or power of the other. The estate out of which each required that its tax be paid is much more than ample for the payment of both taxes. No question of supremacy can arise in such a situation. Whether, if the estate were not sufficient to pay both taxes, that of the United States should be preferred (see Lane County v. Oregon, 7 Wall. 71, 77, 19 L.Ed. 101), need not be considered. That question is not involved here. The objection that when no deduction is made on account of the federal tax the state tax becomes to that extent a tax on the federal tax and not a tax on the transfer is answered by what already has been said. But by way of repetition it may be observed that what the state is taxing is the transfer of particular property, not such property depleted by the federal tax. The two taxes were concurrently imposed and stand on the same plane, save as the United States possibly might have a preferred right of enforcement if the estate were insufficient to pay both."
The contention of counsel would be pertinent here if our tax were a tax upon the property instead of upon the right to receive. The inclusion of the property or money which is consumed in the payment of the federal estate tax in computing the tax is not imposing a tax upon the right to receive that particular property, but is the imposition of the tax upon the right to receive the property which the beneficiaries actually receive. The contention cannot be sustained.
The cross-appellants further argue that they should be[17] relieved from the payment of interest on the augmented sum which they are required to pay as a result of the decision of this court, relying upon our decision in the case of State exrel. Sparling v. Hitsman, 99 Mont. 521, 44 P.2d 747. We there held that the legislature might, without violating section 39 of Article V, Constitution, relieve taxpayers of impositions by way of penalties and interest due the state. But no such relief has been here attempted by the legislature *Page 431 
in any statute applicable to this case, and counsel have not invited our attention to any such statutory provision.
The other contentions made on behalf of the cross-appellants are disposed of to our satisfaction in the original opinion, and accordingly their petition for rehearing is denied.
Now with reference to the request on the part of the state,[18] the only authority which the Attorney General has seen fit to cite in support of this request is section 10400.6, Revised Codes. This section provides that if the tax is paid within eighteen months, a discount of 5 per cent. will be allowed. If the tax is not paid thereafter, interest shall be at the rate of 10 per cent. unless, "by reason of claims made upon the estate, necessary litigation or other unavoidable cause of delay, such tax shall not be determined and paid as herein provided, in which case interest at the rate of six per cent. shall be charged upon such tax from the accrual thereof until the cause of such delay is removed, after which ten per cent. shall be charged, provided that litigation to defeat the payment of the tax shall not be considered necessary litigation."
The trial court provided in its judgment that interest should be paid at the rate of 6 per cent., and found that necessary litigation had ensued in conformity with the statute.
In the first place, the record is silent as to whether a bond was filed in conformity with section 10400.9. If such bond was filed, interest on the tax would be payable at the rate of six per cent. Secondly, if the State of Montana was dissatisfied with the order determining the tax, the state has failed to avail itself of the right to apply for a rehearing in the district court within sixty days, pursuant to the provisions of section 10400.28 on this ground. Furthermore, and apart from these omissions, the statute itself is not reasonably susceptible of the construction for which the state must contend if the relief requested is to be granted, unless a construction which leads to an absurdity is adopted.
Reliance is placed upon the quoted portion of the above[19] section, and particularly upon the last proviso to the effect that litigation to defeat the payment of the tax shall not *Page 432 
be considered necessary litigation. We think this contention has been most effectively disposed of in the case of In re Estate ofIrwin, 196 Cal. 366, 237 P. 1074, 1078, wherein the court said: "If the proviso be construed to mean `any or all litigation,' it would necessarily follow that even a litigant who had successfully proved in court his contentions as to the invalidity of a tax imposed would be liable for the imposition of the interest of 10 per cent. as a penalty for submitting his objections to a court for adjudication, for even successful litigation would be `litigation to defeat the payment of a tax.' Such a result would obviously be an adsurdity."
The Arkansas supreme court has reached the same conclusion in the construction of a similar statute, in the case of State v.Lane, Executor, 134 Ark. 71, 203 S.W. 17. (See, also, In reDuncan's Estate, 119 Wn. 426, 206 P. 1.)
We approve the construction of this statute as announced by the California court in the case of In re Estate of Irwin, supra, wherein it is further said: "The state is, of course, interested only in securing the payment of taxes rightfully due, and it cannot have been the intention of the legislature to coerce, by the threat of a heavy penalty for a resort to the courts, the payment of taxes to which the state may not be rightfully entitled. The result undoubtedly intended to be accomplished by the enactment of the proviso was the prevention of unjustified delay in the payment of taxes rightfully due the state by reason of unnecessary litigation. This result would be accomplished by limiting the imposition of a penalty for resort to the courts to litigation which was unjustified, leaving it for the court to decide in each instance whether or not the litigation was justified. If the litigant be successful, the court necessarily would hold that the litigation was not unnecessary and unjustified. If the litigant be unsuccessful, the court could determine in each case whether the grounds of opposition were or were not meritorious. Such a construction of the proviso is much more fair and just to both sides of a controversy involving a tax than the strict and harsh construction insisted upon by the appellant."
The construction contended for would impose a penalty of 4 *Page 433 
per cent. interest per annum upon anyone who resisted by litigation any portion of the tax sucessfully; the additional penalty being computed upon any part of the tax which would be paid. Under such a construction the law would violate the spirit, if not the letter, of section 6, Article III of the Constitution, prohibiting the sale of justice. The request of the state must be, and is, denied.
ASSOCIATE JUSTICES STEWART, MORRIS and ANGSTMAN concur.