[No. 16414-7-I. Division One. November 17, 1986.]

*In the Matter of the Estate of*
VELMA A. NORTON.

*Kenneth O. Eikenberry, Attorney General,* and *James R. Tuttle, Assistant,* for appellant.

*Robert E. Prince, Prince, Kelley & Newsham,* and *Marc L. Silverman,* for respondent.

SCHULTHEIS, J.*—The Washington State Department of Revenue appeals from an order of the trial court granting the motion of Lynn Marie Hall and Carol Ann Barker as corepresentatives of the estate of Velma Norton (Estate) for summary judgment, dismissing the claim for inheritance tax by the Department, further ordering the Department to issue an inheritance tax release to the Estate.

Velma A. Norton died on April 1, 1978. The copersonal representatives of her estate filed a state inheritance tax return indicating the gross value of her separate real estate as $181,955. This amount consisted of her home in Seattle and a one–third interest in farmland and buildings located in Walla Walla County. The Estate also filed a federal estate tax return (form 706). After adjustment/agreement with the Internal Revenue Service, the value of the farm property interest was listed on the return as $126,955. This amount was based on the special use valuation allowed under section 2032A of the Internal Revenue Code. 26 U.S.C. § 2032A (1976). Included with the election of such value, the Estate also listed the fair market value for the farm interest on the date of death as $233,467. The Department suggested the fair market value, and not the valuation under section 2032A, should be used for state inheritance tax purposes. The Estate disagreed.

The differences between the Department and the Estate could not be resolved. The Department filed its findings, fixing an additional tax and interest due of $21,255.31. The Estate brought on the motion for summary judgment. The Department cross–claimed. Summary judgment was granted in favor of the Estate. The Department appeals.

The issue in this case involves the interpretation and

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

statutory construction of two former statutes.[1] The statutes involved are former RCW 83.16.010,[2] which on the date of death set forth the general rule for valuation of estate property, and former RCW 83.40.040,[3] which was the federal adjustment statute as of said date. These statutes were originally enacted in 1931[4] and in 1935[5] respectively. When each of these statutes was enacted no federal qualified use or special use valuations existed. However, the Legislature recognized the possibility of differing values or valuation between the state and federal tax systems and allowed for this difference when it enacted RCW 83.40.040, the federal adjustment statute.

 In the instant case the Department argues the statute applies only to differences in fair market value as determined by either the state or the federal government.

---

[1]Both RCW 83.16.010 and 83.40.040 have been amended since Mrs. Norton's date of death. The pre-1979 amendment statutes were in effect on her date of death and are set forth in the footnotes herein.

[2]RCW 83.16.010 on the date of death in pertinent part read as follows:
"All property of the estate of a deceased person, for the purposes of computing the inheritance tax, shall be valued and appraised at the fair market value thereof on the day of the death of the decedent owner thereof and subsequent sales shall not affect the value so used. . . ."

[3]On Mrs. Norton's date of death RCW 83.40.040 provided:
"If after the values have been determined under this title for inheritance tax purposes, the same estate is valued under the federal estate tax statute and *the date of death value of the property, or any portion thereof, fixed under the federal law, is increased* above *or decreased* below the value theretofore fixed under the inheritance tax provisions of this title, and this valuation under the federal estate tax is accepted by the estate either by agreement or through final determination in the federal court, *the value as fixed under the inheritance tax provisions of this title* upon such property or portion thereof *shall be increased or decreased to this amount.*" (Italics ours.)

[4]RCW 83.16.010, originally added by Laws of 1931, ch. 134, § 7, was amended to the above version in 1961. *See* Laws of 1961, ch. 15, § 83.16.010, in effect as stated above when the Estate was valued for tax purposes in 1978.

[5]RCW 83.40.040 was originally added by Laws of 1935, ch. 180, § 107, and amended by Laws of 1963, 1st Ex. Sess., ch. 28, § 12, effective at the time of the Norton estate valuation.

The Department goes to great lengths to give the words "value" and "valuation" a meaning which includes only fair market value. However, the Supreme Court in *In re Estate of Canning,* 92 Wn.2d 10, 593 P.2d 160 (1979) has specifically stated "the statute [RCW 83.40.040] now binds the State to federal *valuations* in those cases requiring a federal estate tax and approval by the IRS." *Canning,* at 20. The court explained that at the time the adjustment statute was originally enacted as part of the Revenue Act of 1935, it required adjustments only when the federal valuation exceeded the State's. Thus, under the statute the Department could gain by using the higher property valuations fixed by the federal auditors. As stated by the Washington State Supreme Court in *In re Estate of Ward,* 183 Wash. 604, 609, 49 P.2d 485, 102 A.L.R. 496 (1935), discussing the 1935 law.[6]

> The language of this latter section is plain, explicit and unambiguous. It is evident that the legislature thereby intended to, and did, fix a standard or basis according to, and upon which, inheritance taxes due the state, in estates that were also subject to Federal estate taxes, should, under the contingency specified therein, be computed and paid. In such estates, *the amount to be paid is not governed entirely by the market value* as determined by the appraisers in the state court, but by the amount to which their valuation is raised, if it is raised, by the Federal government, either through agreement with the representatives of the estate or through a determination by the Federal court.

(Italics ours.)

In 1963, the statute was amended to provide for lower valuations as well as those raised.[7] We believe the same analysis as in *Estate of Ward* would hold true here. The valuation is not governed entirely by the market value when dealing with a federal (IRS) determination as applied by RCW 83.40.040.

---

[6]The former RCW 83.40.040.

[7]Laws of 1963, 1st Ex. Sess., ch. 28, § 12.

Further, in *In re Estate of Toomey,* 75 Wn.2d 915, 921, 454 P.2d 420 (1969), the Washington State Supreme Court said

> Aside from the express language of this section [RCW 83.40.040], other statutes make it clear that the value of the estate shall be determined as of the date of death. RCW 83.16.010, RCW 11.44.065. *In re Elvigen's Estate,* 191 Wash. 614, 71 P.2d 672 (1937), affirmed that proposition. *Although RCW 83.40.040 may permit the executor to elect a valuation acceptable under the federal estate tax procedures,* that valuation, we think, must be determined and fixed as of the date of death . . .

(Italics ours.)

Here, unlike the central issue of the *Toomey* case, the issue goes to the valuation itself, not the date of valuation. The Estate and the IRS came to an agreement regarding the value of the farm interest as of the date of Mrs. Norton's demise. The Estate argues former RCW 83.40.040 is (was) a specific exception to the general fair market rule of former RCW 83.16.010 requiring use of the fair market value on the date of death. We agree.

Although the State did not have special use valuations per se until 1979, it recognized the possibility of a differing federal valuation for those specific estates filing federal estate tax returns which resulted in agreed value determinations. *In re Estate of Canning, supra* at 20; *In re Estate of Toomey, supra* at 920–21; *In re Estate of Ward, supra* at 609. Such is the situation with Mrs. Norton's estate.

We affirm.

COLE and DOLLIVER, JJ. Pro Tem., concur.

Review denied by Supreme Court March 4, 1987.