[No. 5161.   Decided March 29, 1905.]

*In the Matter of the Estate of* JONATHAN G. CLARK, *Deceased.*[1]

WILLS—INHERITANCE TAX—EXECUTORS AND ADMINISTRATORS— FOREIGN ADMINISTRATION—COMITY—JUDGMENTS—CONCLUSIVENESS OF DISTRIBUTION—INHERITANCE TAX CHARGEABLE TO LEGATEES. Where a resident of the state of Maine died, leaving estate there and in the state of Washington, and his will was probated there, and all legacies to collateral heirs and strangers to the blood and all the debts were, by order of the probate court in Maine, paid out of the estate situated in that state, leaving the property in this state to be divided between his widow and son under the residuary clause in the will, the estate in the state of Washington is not chargeable with the increased inheritance tax upon legacies to collateral heirs and strangers to the blood at the rate of 3 and 6 per cent, under Laws 1901, p. 67; since comity requires that full faith and credit be given to the proceedings in the probate court in Maine, ordering those legacies to be paid out of the estate within its jurisdiction and under its control, and such order is conclusive on the courts of this state; and since the inheritance tax is to be deducted from the legacies and paid by the legatees, and the executor in this state has no opportunity to collect the same from the legatees chargeable therewith.

Appeal from a portion of a decree of the superior court for Spokane county, Kennan J., entered March 30, 1904,

1Reported in 80 Pac. 267.

ordering the payment of an inheritance tax, upon hearing the final account of the executor.    Reversed.

*W. J. Thayer,* for appellant.

*W. B. Stratton, Attorney General, E. W. Ross,* and *C. C. Dalton,* for respondent.

PER CURIAM.—On the 21st day of April, 1902, Jonathan G. Clark, a resident of Penobscot county, in the state of Maine, died testate, leaving an estate in the state of Maine of the appraised value of $118,268.60, and an estate in the state of Washington of the appraised value of $101,-082.32.    The entire indebtedness against both estates was $36,203.85.    By the terms of his will the testator devised to his wife, for life, the homestead in the state of Maine, of the appraised value of $10,000 and also the income from two other parcels of property in the state of Maine, of the appraised value of $32,000.    He next bequeathed to his wife and son the sum of $50,000, share and share alike, and directed that all policies of insurance on his life should go equally to his wife and son in part payment of such legacies, and that the balance should be made up in money or property, real or personal, at prices fixed by the appraisers appointed by the probate court.    The will expressly provided that the legacies to his wife and son should have priority over all other gifts or legacies provided for therein.    He next bequeathed sums aggregating $20,000 to collateral heirs within the third degree, and further sums aggregating $18,200 to collateral heirs beyond the third degree and to strangers to the blood, and the further sum of $2,000 in trust for the use of a grandson of the testator.    The residue, after the payment of debts and expenses of administration, he devised and bequeathed to his wife and son, share and share alike.    The wife, Anna S. Clark, the son, Francis Lewis Clark, and a

nephew, Joseph G. Blake, were named as executors. On the 27th day of May 1902, this will was duly admitted to probate in the probate court in the county of Penobscot, in the state of Maine, and Anna S. Clark, Francis Lewis Clark, and Joseph G. Blake were appointed executors thereof. Thereafter a copy of said will, and the original record of the probate thereof, duly authenticated and attested, were filed in the superior court of Spokane county in this state, and on the 17th day of June, 1902, an order was made in said court admitting the will to probate, and appointing Francis Lewis Clark sole executor thereof, the other two executors being nonresidents of this state. In the regular course of administration, the executors appointed by the probate court in the state of Maine, acting under the direction and with the approval of that court, paid all indebtedness against the estate, and all bequests and legacies to collateral heirs and strangers to the blood, out of the property and funds belonging to the estate of the testator, within the state of Maine, and subject to the jurisdiction of the probate court of that state, thus leaving the entire estate within the state of Washington to pass to the widow and son in satisfaction of the $50,000 legacies, and under the residuary clause of the will. The executor tendered to the state treasurer of this state the sum of $743.99, in full of the inheritance tax due the state, pursuant to Laws of 1901, p. 67. This amount is one per cent of the appraised value of the estate here, less the $10,000 exemption and the pro rata portion of the indebtedness chargeable to the estate within this jurisdiction. The executor filed his final account, setting forth the above facts, and prayed that said account be settled and allowed, and that the residue of the estate be distributed to the parties thereto by law entitled. The state treasurer appeared and filed exceptions to the final account, claiming

43-37 WASH.

that, under the terms of the will, the legacies to collateral heirs and strangers to the blood were properly chargeable to and payable out of the estate here, and that the inheritance tax should be computed and paid out of the legacies to such collateral heirs and strangers to the blood, as provided by the above act. The court below, at the hearing on the final account, sustained the exceptions, and directed the executor to pay to the state treasurer the sum of $1,309.99, in addition to the sum of $743.99 theretofore paid. The final account was thereupon settled and allowed, and the entire estate within the state of Washington was distributed to the widow and son, or to their successors in interest. From the above order directing the payment of such additional sum, on account of the inheritance tax, the executor has appealed.

We do not think that the claim of the state treasurer can be upheld. The inheritance tax is payable out of the legacies, and is chargeable to the individual legatees. The court cannot compel one legatee to pay the inheritance tax due from another, and yet, such is the effect of the order appealed from. The estate of the testator within the state of Maine was administered by a court of competent jurisdiction. Comity requires us to give full faith and credit to the proceedings had in that court, and we must presume that its proceedings were in accordance with the laws of that state. In other words, when the probate court there authorized or directed the payment of the legacies to collateral heirs and strangers to the blood out of the estate within its jurisdiction and under its control, we must presume that its authority was rightfully exercised, and cannot hold the executor here, or other legatees, responsible for the errors of that court. The executor in this state had no opportunity to collect the inheritance tax from the collateral heirs and strangers to the blood, and this court will

not compel him to pay such tax out of his own funds, or
out of the funds belonging to other heirs or legatees. The
fact that the same persons acted as executors in both
states, or the fact that the executors were beneficiaries
under the will, can make no difference. The probate court
in the state of Maine, not its officers or legatees under the
will, is responsible for the method of administration pur-
sued, and the judgment of that court we have neither the
power nor the disposition to review.

The order of the court below is therefore reversed, with
directions to approve the final account as rendered, in so
far as the claim of the state of Washington is concerned.