## No. 9696.

## THE PEOPLE v. BEMIS ET AL., EXECUTORS.

INHERITANCE TAX—*Statute Construed.*   The inheritance tax imposed by Rev. Stat., sec. 5551 is computed not upon the whole net estate, but upon such estate less the tax imposed by the Act of Congress.

*Error to El Paso County Court, Hon. W. P. Kinney, Judge.*

*En banc.*

Hon. VICTOR E. KEYES, Attorney General, Mr. CHARLES ROACH, Deputy Attorney General, Mr. ROY H. BLACKMAN, and Mr. FORREST C. NORTHCUTT, Assistant Attorneys General, for The People.

Mr. NORMAN M. CAMPBELL and Mr. JOHN CAMPBELL, for defendants in error.

Messrs. DINES, DINES & HOLME and Mr. JOHN LYNCH, *Amici Curiae.*

Mr. Justice Denison delivered the opinion of the court.

ALICE COGSWELL BEMIS died, testate, a resident of El Paso County, Colorado, and left a large estate. The tax under U. S. Comp. St. 1916, Ch. 10 A; 39 St. L. 777, was about $87,000.

The County Court held that the so-called State Inheritance Tax should be computed, not upon the whole net estate, but upon such estate less the sum of $87,000. The State brings error. We think the judgment is right. It has been held by this court that the inheritance tax law of this State, S. L. 1902, Sec. 21, imposes a tax on the privilege of receiving the legacy or inheritance, and not on the right to transmit by will or by intestate laws. *In re Inheritance Tax Macky Estate,* 46 Colo. 79, 102 Pac. 1075; *Brown v. Elder,* 32 Colo. 527, 539, 77 Pac. 853; *People v. Koenig,* 37 Colo. 283, 85 Pac. 1129, 11 Ann. Cas. 140. The Federal tax is "imposed upon the transfer of the net estate   *   *   *," 39 St. at L. 777, Sec. 201; U. S. Comp. St., 1916, Sec. 6636½b, therefore it is the power to transfer upon death that is taxed by the National law, and the estate, upon the death, is, to the extent of the tax, instantly depleted. *In re Sherman,* 179 App. Div. 497, 166 N. Y. Supp. 19, 22; *U. S. v. Perkins,* 163 U. S. 625, 630, 41 L. Ed. 287, 16 Sup. Ct. 1073, and, thus diminished, goes to the legatees. 163 U. S. 630. The case last cited construes statutes of New York in one of which the vital words, "imposed upon the transfer", are the same as in the present Federal statute. It therefore has the force of a construction of the latter.

The argument that the transfer, transmission and receipt are one and the same thing is a strong one, but this court is committed to the doctrine that the right to transmit or transfer upon death is one thing and the right to receive a legacy or inheritance is another. Mack case, *supra.* It follows that the State tax must be measured by the estate less the $87,000.

The judgment should be affirmed.

Garrigues, C. J. and Scott, J. concur.