Wanamaker, J.
The single question in this case is whether the executor, who has paid the federal tax from the general assets of the estate in his hands, shall collect the amount of that tax from the specific devisees and legatees in the respective portions of their several devises and bequests, or shall deduct it, together with other charges, debts and costs of administration, from the total assets, in finding the “rest, residue and remainder” of the estate, bequeathed to the residuary legatees.
The charges made against an estate may be generally divided into two classes:
First. Those that the decedent charges through his will in favor of devisees and legatees.
Second. Those that the law charges in favor of the public or the various political subdivisions thereof.
It is elementary of course that the latter class is prior and paramount in character, and it becomes important, therefore, to first ascertain the nature of the charge in question.
The federal statute involved denominates the federal legal charge as an “estate tax,” and that charge obviously becomes fixed immediately upon the death of a person having an estate subject to such tax. All the provisions of the act are consistent with this denomination.
The language of the act, Section 401 (40 Stat. at L., 1096), clearly shows that the tax “is hereby imposed upon the transfer of the net estate,” after all legal charges have been deducted, that is, charges *369 imposed by law, together with such additional charges as provisions of the statute itself include in the ascertainment of the net estate.
In short, it was the plain purpose to enact a revenue raiser, which should impose a charge or excise upon the decedent’s right to direct or control the transfer of his estate, either under his will, or under the law.
It was therefore not an inheritance tax. It had no relation whatsoever, so far as herein involved, to any charge upon any devise or legacy, or the right of any person, natural or artificial, to take, hold, or receive any portion of an estate.
In this view of the case, the estate must be considered as a whole, without regard to the nature, character, or amount of the legacies or bequests.
In the distribution of property agreeably, to the will it is elementary of course that the testator may, in a large measure, determine the priority in which his several bounties may be distributed, and in so doing it is to be presumed that a legacy specific as to the person, thing, or amount, shall have priority over a mere general provision; especially, from its very nature, over all residuary devises and legacies.
It would be a strange legal paradox, indeed, to . hold residuary devises, legacies or bounties prior to those that are express and specific. The plaintiffs in error are designated for the first time in Item 10, after all specific devises and legacies have been provided for, in the following language: “All the rest, residue and remainder of my estate and property, real, personal and mixed, of every nature and description, or wheresoever situate * * * I give, devise and bequeath to The Young Men’s Christian *370 Association,” etc. This fact affords a clear and conclusive presumption that all charges imposed by the law or by the testator should be paid out of the estate before any right should ripen in behalf of the residuary devisees or legatees under this item.
This view supports the undoubted intention of the testator in the making of the will in all its various provisions, as well as the plain provisions of the federal statute. It is unnecessary to refer to this statute further than to quote a few lines from Section 408 (40 Stat. at L., 1100) :
“It being the purpose and intent of this title that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution.”
The above view of the case is supported by a number of decisions, among which are In re Hamlin, 226 N. Y., 407; Plunkett v. Old Colony Trust Co., 233 Mass., 471; United States v. Perkins, 163 U. S., 625, and People v. Bemis et al., Exrs., 68 Colo., 48.
The decision generally urged to hold the contrary doctrine relates basically to an inheritance tax, the right to receive rather than the right to transmit. Judgment of the court below is affirmed.

Judgment affirmed.

Marshall, C. J., Hough, Robinson, Jones, Matthias and Clark, JJ., concur.