[No. 3278.   April 19, 1928.]

STATE v. ELDODT et al.

[267 Pac. 55.]

J. Frank Curns and J. W. Chapman, both of Santa Fe, for the State.

E. R. Wright, of Santa Fe, for appellees.

## OPINION OF THE COURT

WATSON, J. Within one year prior to his decease, and in contemplation of death, as admitted by demurrer, Samuel Eldodt conveyed his property to his wife and son. The conveyance having been reported to the state tax commission, it assessed upon the value of the property so conveyed, after allowing exemptions, one per cent., said to be a tax against the estate, and an additional one and one-half per cent., said to be a tax against the grantees. The latter was paid, but the former refused. Thereupon the state sued. Upon demurrer, the trial court held that in law, the defendants were liable only for the one per cent. levied against the estate, and that, as the grantees had more than satisfied it, the state had no cause of action. This appeal is by the state from the judgment following such ruling.

The only question is the proper construction of Laws of 1921, c. 179. Sections 2 and 17 thereof read as follows:

"Sec. 2. All estates which shall pass by will or inheritance or by other statutes to the parent or parents, husband, wife, or lineal descendants, or legally adopted child of the deceased person, shall be liable to, and there is hereby imposed thereon, a tax of one per centum of its value for the use of the state; and any such estate or interest therein which shall so pass to collateral kindred or to strangers to the blood, or to any corporation, voluntary association, or society, shall be liable to, and there is hereby imposed thereon, a tax of five per centum of its value for use of the state. All executors and administrators shall be liable for all such taxes, with interest thereon at the rate of ten per centum per annum from the time when said taxes shall become payable until the same shall have been paid as hereinafter directed."

"Sec. 17. (All gifts of real or personal property, by deed, grant or other conveyance made in contemplation of death, except in case of a bona fide sale for full consideration in money or moneys worth, shall be testamentary gifts within the meaning of this act for taxation purposes, and all such property so conveyed shall be subject to the tax imposed herein, and shall be reported and inventoried by the executor, administrator, grantee, donee, or beneficiary. Property shall be prima facie deemed to have been transferred by grant or gift in contemplation of death under this act, when such grant or gift shall have been executed within one year prior to the death of the grantor or donor). All transfers and alienations by deed, grant, or other conveyance, of real or personal property to take effect upon the death of the grantor or donor, shall be testamentary gifts within the taxation purposes of section 2 and all property so conveyed shall be conveyed subject

to the tax imposed by said section and upon the same principles and percentages regarding the degree of relationship; and the grantee or donee of any such estate, shall, upon the receipt thereof, pay to the state treasurer a tax of three per cent. or one and one-half per cent. of the value of such property, according to his aforesaid degree of relationship to the grantor or donor, and the executor or administrator, of any such grantor or donor shall at once communicate to the state tax commission his knowledge of any and all such conveyances. No executor, administrator, or bailee having possession of any deed, grant, conveyance, or other evidence of such transfer or alienation shall deliver the same or anything connected with the subject of such transfer or alienation until the tax aforesaid has been paid to the treasurer of the state."

For convenience, we have included in parentheses that part of section 17 which brings the particular transaction within the succession tax laws.

Said chapter 179 repealed Laws 1919, c. 122, the earlier and original act upon the subject generally. Section 2 of chapter 179 is similar in purpose to section 3 of chapter 122, and holds the same relative position in the law. That part of section 17, supra, outside the parentheses, is section 17, c. 122, without substantial change. 'That part of the section within the parentheses is new matter, added in 1921.

Counsel seem to agree that the original section 17 imposed two distinct taxes upon transfers to take effect upon death, which the Legislature chose to designate as "testamentary gifts." While the section is not free from obscurity, we do not see how any other conclusion can be reached as to its meaning.

Manifestly, one of the purposes of revising the law was to tax transfers made in contemplation of death other than bona fide sales for full consideration. What tax is imposed in such cases?

The Legislature had before it, as the basis of its work, Laws 1919, c. 122. It preserved its general arrangement and many of its provisions. The existing system taxed ordinary inheritances at certain rates. This in section 3 (section 2 in the new law). It taxed conveyances taking effect upon death, called "testamentary gifts," at the same rates applied to inheritances, and, in addition, taxed the grantees at different rates. To this system it was proposed to add taxation of gifts in contemplation of death.

Such being the problem, the question would naturally arise as to where the new matter could be best and most conveniently inserted. If, as appellees contend, it was intended, for taxation purposes, to classify gifts in contemplation of death with inheritances, and to impose the same tax upon them, and no more, the new matter could easily and would naturally have been inserted in section 2. If, as appellees no doubt thought when they paid the one and one-half per cent. tax, it was intended to give them a classification of their own, with a tax different from the tax on inheritances, and different from the tax on 'other testamentary gifts, it could easily, and would naturally, have been made an independent section. If, as the state contends, it was intended to add such conveyances to the classification of testamentary gifts, and to subject them to the taxes already prescribed for testamentary gifts, it would naturally have been, as it was, included in section 17.

The insertion of the provision in question in section 17, and the classification or definition of transfers in contemplation of death as "testamentary gifts," point with considerable force to an intent to tax such transfers as other testamentary gifts are taxed. Counsel for the state urge that there is no good reason for distinguishing as to rate of taxation between the two kinds of testamentary gifts ; that it is necessary that both kinds should be taxed in order to prevent evasion of the tax upon inheritances ; that, in experience, both methods of transfer have been employed in attempting such evasion ; and that the taxes are made higher in such cases to discourage, by penalizing, such conveyances. This is not an unreasonable view.

Though the provision appears in the act where we should expect to find it, if the state's contention is correct, we are still confronted with a number of objections pointed out by appellees. If the Legislature intended to subject gifts in contemplation of death to the same tax as conveyances to take effect upon death, the simple and natural thing would have been merely to enlarge the already existing definition of testamentary gifts to include the former. This the Legislature failed to do. The pro-

vision for the taxation of gifts in contemplation of death was tacked on, rather than merged with, the existing section 17. It reads like a separate section. It is pointed out that there is no general language in the section imposing a tax upon all testamentary gifts. It is contended that testamentary gifts in contemplation of death are required to be listed and inventoried as part of the estate; while testamentary gifts to take effect upon death need not be so listed. It is urged that the language within the parentheses is appropriate to impose a tax upon the gift only, while the language outside the parentheses imposes both a tax upon the gift and a further tax upon the right to receive the gift. It is pointed out that the language within the parentheses does not in terms subject the testamentary gifts in contemplation of death to both or all of the taxes imposed in section 17, but merely subjects them "to the tax imposed herein."

These imperfections in drafting, and the general looseness of expression, are relied upon by appellees as making the new matter contained in the section ambiguous; and the rule is invoked that, in such a case, construction should be favorable to the taxpayer; citing 37 Cyc. 1556, 1557, and the cases there mentioned, and particularly Curtis v. Corbin, 93 Conn. 648, 107 A. 506. They also point out that in no state, except this, is any higher or additional tax imposed upon what we call "testamentary gifts" than upon ordinary inheritances. As a matter of interest, our 1919 act is traced to Connecticut, and it is shown that our section 17 was taken from section 2376 of the 1902 Revised Laws of that state. This does not aid us, however, since Connecticut repealed that section in 1905, and it was never construed in its courts.

While the new matter in section 17 reads, as we have said, like a new section, we think it demonstrable that, though inaptly, it is necessarily, so connected with the remainder of the section that all testamentary gifts are made taxable alike.

Since testamentary gifts are mentioned only in section 17 of either chapter, the provision that conveyances in contemplation of death "shall be testamentary gifts with-

in the meaning of this act for taxation purposes" can have no different meaning than if it had been said, "shall be testamentary gifts within the meaning of this section for taxation purposes." That is merely to say that the classification of transfers designated "testamentary gifts" is enlarged to admit gifts in contemplation of death. Such classification is made "for taxation purposes." Gifts in contemplation of death are classified as "testamentary gifts" with a view to taxing them according to that class. If intended as appellees contend, they should have been classified for taxation purposes as inheritances within the meaning of the act, or of section 2 of the act.

Such gifts having been so classified, the property passing is made "subject to the tax imposed herein." "Herein" might be broad enough to include section 2, but it cannot be narrowed to exclude section 17, the very section in which the word is used. So the property must be deemed subject to the tax imposed in section 17.

But, counsel urge, there are two distinct taxes imposed in section 17; one upon the gift, at the rate specified in section 2, and adopted by reference in section 17; and one upon the right to receive the gift, as specified in section 17. And, he says, in bringing gifts in contemplation of death into the law and into the section, but one tax is imposed, and that upon the gift.

It may be that the Legislature, in its scheme of taxing testamentary gifts, has not distinguished between the two recognized theories of estate, inheritance or succession taxation. According to one, the tax is upon the right to transmit or transfer, or upon the thing transmitted or transferred. According to the other, it is upon the right to receive the thing. The distinction may well be understood and kept in mind in framing a harmonious act. Yet it is a distinction of theory only. Both are sound and legitimate. We know of no reason why provisions of law attributable to both may not coexist.

So it seems to us a matter of small importance that two calculations are involved in determining the tax upon "testamentary gifts," and that one part of the tax is based

upon one theory and the remainder upon the other theory. After all, it is but one tax, that upon testamentary gifts, and is "the tax imposed herein." If not strictly one tax, it was so, we are ,satisfied in legislative contemplation. There is little, if any, substantial difference. The provision was that "all property so conveyed shall be conveyed subject to the tax imposed by said section * * * and the grantee * * * shall, upon the receipt thereof, pay * * *" a tax different from that imposed by said section. So the grantee *takes subject* to one and is *required to pay* the other. Both come out of the same pocket. It is not unlike the case of a specific devise or bequest. In such case the legatee or devisee must pay the tax to the executor, or the specific property will be sold to satisfy it. See section 13.

So we are persuaded the Legislature intended to say that property transferred in contemplation of death should be classed with, and taxable as, property transferred by conveyance to take effect upon death. It failed to note that only a part of that tax was in strictness of theory upon the property; a matter of so little substantial importance that it cannot vary the interpretation.

The argument that no other state taxes testamentary gifts, as we define them, at a higher rate than it taxes inheritances, is of little force so long as counsel admits that such is clearly the public policy of this state with respect to some testamentary gifts.

While the requirement of reporting and inventorying is differently expressed with respect to testamentary gifts in contemplation of death than in the case of testamentary gifts to take effect upon death, there is little, if any, substantial difference. In the latter case, the executor or administrator is not required to include the property in his formal inventory, but is required, by giving information concerning it, to aid in its collection. In case of testamentary gifts in contemplation of death, it is provided that they "shall be reported and inventoried by the executor, administrator, grantee, donee or beneficiary." This does not necessarily place the duty of making report and inventory primarily upon the executor or administrator.

Any one of those named may do it. In such a case, title and possession have passed before the executor or administrator assumes office. It would be somewhat illogical to require him to include such property in his formal inventory. He can, however, report it, and the donee or grantee can inventory it and have it appraised. It may be that, from the standpoint of administration, the failure of the Legislature to point out just who must report and who must inventory is a serious defect, but, in our opinion, there is not enough difference between the two provisions, in their substantial effect, to have great bearing upon the interpretation of the section.

We may admit the justice of all criticism directed by appellees at the expressions employed to convey the legislative intent. The fact remains that it intended to tax conveyances in contemplation of death. If there were doubt about that, we should give the taxpayer the benefit of it. We are compelled to choose from three views which have been, at one time or another, entertained, and two of which are now presented. If the Legislature had meant to subject gifts in contemplation of death to the tax on ordinary inheritances only, or only to the additional tax imposed on grantees in conveyances to take effect upon death, we cannot conceive of their attempting to express such intent in the manner or in the place they did. We can think of no reason why testamentary gifts of the two kinds designated should be differently taxed. All constructive argument and affirmative reasons support the state's view. While the section requires interpretation, it can, in our judgment, mean but one thing. It is therefore not ambiguous.

██ ██ A constitutional question is raised. It is contended that to exact higher taxes from those who receive testamentary gifts than from those who receive inheritances is unreasonable and arbitrary classification. It is said that such classification could be sustained on one theory only, namely, that it is the underlying purpose to penalize, and thus to discourage, what we call "testamentary gifts," because they may be employed and have been employed to evade taxation. We have already re-

ceived with favor the state's suggestion that such was the reason for the classification. Appellees deprecate this reason as opposed to the public policy of all other states, as expressed in their legislation, and as opposed to what they say is the historic policy of this state "to encourage the disposition of estates by way of testamentary gifts, thereby avoiding the expense and trouble of long drawn out probate proceedings."

We are not persuaded by these objections. Admittedly, as to transfers to take effect upon death, the policy of higher taxation has been adopted. Despite the policy of other states or the former policy of this state, the Legislature was at liberty to classify upon a reasonable basis. The principle here involved was expounded by the Territorial Supreme Court in Codlin v. Kohlhousen, 9 N. M. 565, 58 P. 499, and Territory v. Beaven, 15 N. M. 357, 110 P. 561. We find here a distinction, having reference to the subject matter of the legislation, which, in a reasonable degree at least, accounts for, and justifies, the classification.

The constitutional question raised may have a bearing on the question of interpretation. It reminds us of another familiar rule of construction. Of two possible interpretations, one of which does, and the other of which does not, render the law unconstitutional, the latter must be chosen. Section 17, as it now stands, is the product of the Legislature. We must so interpret it, if possible, as to sustain it in toto. If appellees were right in their interpretation, the result would be to tax conveyances taking effect upon death at higher rates than those in contemplation of death. We have sustained the section as constitutional, because we thought there existed a reasonable basis of classification as between inheritances and testamentary gifts. It would be more difficult, perhaps impossible, to justify classification as between the two kinds of testamentary gifts. Appellees contend that to yield to the state's interpretation renders the section unconstitutional. It seems to us that to yield to appellees' view would be more dangerous to its validity.

Upon these considerations, we sustain the statute and

approve the state's interpretation of it. The judgment must therefore be reversed, and the cause remanded, with a direction to overrule the demurrer and to proceed in accordance herewith.

.It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.