[No. 34698.   *En Banc.*   November 28, 1958.]

*In the Matter of the Estate of* GERTRUDE E. LLOYD, *Deceased.*[1]

· *A. O. Colburn,* for appellants.

*The Attorney General* and *James A. Furber, Assistant,* for respondent.

*Mohl & Niemi, amicus curiae.*

FINLEY, J.—The decedent, Gertrude E. Lloyd, died a resident of this state. She bequeathed and devised to her two brothers and a sister, in unequal proportions, her en-

[1]Reported in 332 P. (2d) 44.

tire estate of $104,880.09. Each devisee received the following share of the net estate:

Carol McLam ......51.19%; Value ...... $54,220.00
Royden Hintz ......28.52%; Value ...... 30,150.00
Arnold Hintz ......20.31%; Value ...... 21,510.00.

The tax commission computed the tax by applying the graduated rates provided in RCW 83.08.030 to the total of the several amounts passing to the devisees. The latter contend that the tax rate should be applied against the amount received by each of them, individually; that is, that the total estate should have been first divided into the proportionate shares, and the tax rate then applied. Under RCW 83.08.030, the tax rates increase as the size of the estate increases. Obviously, in the instant case, it would be less advantageous to the state for the tax to be computed on the basis of the amount of individual bequests rather than on the basis of the total amount of the bequests to a particular class of heirs.

The trial court sustained the method of computation used by the inheritance tax division, except as to computation of interest, which is not before this court on this appeal. The devisees have appealed.

Appellants urge that the method of computation used by the tax commission is not authorized; that, actually it is contrary to the method of computation contemplated by the taxing statute. Furthermore, they contend, if the statute does require the tax to be computed as was done by the tax commission, the statute is unconstitutional.

RCW 83.08.030 [cf. Rem. Supp. 1943, § 11202] provides, in part:

"Class B rates. Any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to any sister or brother is denominated class B. On any amount passing to class B up to and including $5,000, three percent . . ."

RCW 83.08.060 [Rem. Supp. 1943, § 11202] provides, in part:

" . . . The taxes imposed and the exemption with respect to each class of beneficiaries shall be apportioned

between the beneficiaries in such class in proportion to the amount receivable by such beneficiary."

In 1935, RCW 83.08.030 was amended. Prior to that time, the above-quoted portion of the statute read:

"If passing to or for the use of a sister, brother, uncle, aunt, nephew or niece, the tax shall be three per centum of any value not exceeding fifty thousand dollars; . . ." Laws of 1917, ch. 43, p. 196.

And, prior to 1935, there was no provision in the statute comparable to RCW 83.08.060, set out above.

Appellants maintain that their contention in the instant case is supported by the decision in *In re Corbin's Estate* (1919), 107 Wash. 424, 181 Pac. 910, 7 A. L. R. 685. However, in the *Corbin* case the court simply construed and applied the tax statute as it was written by the legislature and as it existed prior to 1935, and, thereupon, determined that the tax involved was one upon the right to receive and, in the last analysis, was to be paid by the particular legatee. In so deciding, the court said that

" . . . if one legatee cannot be held to pay the tax of another, does it not likewise follow that the amount of the tax to be paid by any one legatee must be determined from the amount of the legacy received by him, and not, either in whole or in part from the amount which may be received by others? We are convinced that a fair reading of the statute itself leads to that conclusion; . . ."

The substantially different statutory provisions currently in effect and applicable in the instant case are the same as they were at the time of the decision in *In re Henry's Estate* (1937), 189 Wash. 510, 66 P. (2d) 350, wherein the court stated:

"Prior to the act of 1935, the inheritance taxes were payable on the right of the heir or legatee to receive. That act, however, embodied, not only that feature, but a tax upon the estate. The tax upon the estate is based upon the legal power to transmit at death, and the inheritance tax is on the privilege of succession. . . . [Citing cases.] There is no constitutional objection to embodying in the same statute provisions with reference to any inheritance tax, and also an estate tax. [Citing cases.]"

█ We believe that the purpose or intent of the legislature in enacting the 1935 amendments to the pertinent tax statutes is patently clear. As previously indicated, RCW 83.08.030 first states that any devise to a certain group shall be denominated "class B." It then provides that on *any amount passing to "class B"* the graduated rates shall be applied. Had the legislature intended that the tax be computed as contended by the appellants, there would have been no reason whatsoever for the enactment of RCW 83.08.060, which provides that the tax shall be apportioned between the beneficiaries in each class. There certainly was no need for such a provision prior to 1935, because theretofore the tax was levied on the amount each beneficiary received, and not on the total estate passing to a particular class of heirs.

The tax commission has interpreted the pertinent statutes in a consistent manner for twenty-three years. We believe it is significant that during that time the legislature has not amended the statute, but, in effect, has acquiesced in the administration of it by the tax commission.

█ In *Morin v. Johnson* (1956), 49 Wn. (2d) 275, 300 P. (2d) 569, we pointed out:

"It is a familiar rule of statutory construction that, in any doubtful case, the court should give great weight to the contemporaneous construction of an ordinance by the officials charged with its enforcement. This is especially true where the administrative construction has been accompanied over a period of years by the silent acquiescence of the legislative body. . . ."

█ It is urged by appellants that, if this tax is an estate tax, it is unconstitutional for the reason that an estate tax is a property tax, and such a tax must be levied at the same rate, regardless of the amount involved. Appellants cite *Culliton v. Chase* (1933), 173 Wash. 309, 22 P. (2d) 1049, where the court struck down the initiative measure which established a graduated income tax for the state. We cannot agree with appellants' reasoning. An *estate* tax is a tax upon the *transfer* of property, and not on the property itself. *Seattle-First National Bank v.*

*Macomber* (1949), 32 Wn. (2d) 696, 203 P. (2d) 1078. Assuming, without deciding, that the tax involved in the instant case is an *estate* tax, it would be constitutional.

█ The appellants further contend that the imposition of the tax is unlawful, because it discriminates unreasonably, unjustly, and arbitrarily between the members of "class B." However, in *In re Henry's Estate, supra,* the court commented as follows:

"We now come to the precise question of whether the fact that the one son, when the estate is $10,000, pays no tax upon it and the three sons, in an estate of $25,000, each receiving less than the one son, pay a tax, makes the law unconstitutional, in that it denies equal protection of the laws, as guaranteed by the fourteenth amendment to the Federal constitution. This precise question was before the supreme court of Oregon in the case of *In re Heck's Estate,* 120 Ore. 80, 250 Pac. 735, and there, after a thorough review of the authorities, the court concluded:

" 'In view of the authorities above cited, it is clear that the statute does not conflict with the state constitutional provisions requiring uniformity and equality in taxation, nor does it offend against the Fourteenth Amendment of the federal Constitution. All beneficiaries, to whom the same factors apply, pay the same tax. It cannot, therefore, be said that they are the objects of hostile and arbitrary legislation. They are equal before the law.'

"The supreme court of Connecticut, in the case of *Curtis v. Corbin,* 93 Conn. 648, 107 Atl. 506, made this observation:

" 'If it is a hardship that the small taker pays his percentage, while the taker of a large amount pays no greater percentage, such hardship is due to the act of the testator in giving much to one and little to another, and in no way is chargeable to the statute.' "

On the basis of the foregoing, we have concluded that the judgment of the trial court should be affirmed. It is so ordered.

ALL CONCUR.

---

January 15, 1959. Petition for rehearing denied.