[No. 36519.    En Banc.    January 31, 1963.]

*In the Matter of the Estate of* ARTHUR A. A. CARLSON, *Deceased.**

*Reported in 378 P. (2d) 435.

*The Attorney General, Henry W. Wager* and *James A. Furber, Assistants,* for appellant.

*Foster & Foster,* for respondent.

*Bogle, Bogle & Gates, Evans, McLaren, Lane, Powell & Moss, Holman, Marion, Black, Perkins & Coie, Kumm, Maxwell, Petersen & Lee, O'Leary, Meyer & O'Leary, Wright, Innis, Simon & Todd, Donald Simpson,* and *Kenneth C. Hawkins,* amici curiae.

DONWORTH, J.—This appeal involves the important question of whether, under existing statutory provisions, the state may, in computing the amount of the inheritance tax due with respect to the estate of the decedent (which is also subject to the payment of a federal estate tax), base the same on the total value of the estate without first deducting the amount of the federal estate tax.

The facts considered by the trial court in making its decision are stated in the record as follows:

"Arthur A. A. Carlson, a widower and a resident of Thurston County, Washington, died testate on the 9th day of November, 1961. By his Last Will and Testament the son of decedent, Lawrence A. Carlson, was named as the sole heir of said estate and the executor thereof. The son qualified as executor and his appointment was confirmed by order of this court.

"On the 21st day of December, 1961, the executor returned an inventory of the property of the estate, which was appraised at a gross value of $113,167.80. An Estate Tax Return was made to the Bureau of Internal Revenue, dated January 19, 1962, and an estate tax paid the United States in the amount of $8,995.31. On January 22, 1962, an Inheritance Tax Return was made to the State of Washington and an inheritance tax was computed by the executor to be due in the sum of $2,623.28. This amount was also paid. Thereafter, the Inheritance Tax Division of the State Tax Commission assessed an additional Inheritance tax of $552.29 on the ground that there was no statutory authorization for allowing a credit for the federal tax paid and on this basis filed Findings of Supervisor of Inheritance Tax Division Fixing Tax Due. The executor timely filed his objections to said findings thereby putting in issue the question of whether the amount of the federal estate tax paid should

be deducted from the gross estate before computing the state's inheritance tax. The matter came on for hearing and the court after hearing arguments of counsel and considering the written briefs submitted, rendered the following memorandum opinion:

"  .   .   .

"Your brief has been received and carefully examined. I agree with the propositions you advance, namely that the state can make almost any kind of an estate tax or an inheritance tax which the legislature desires.

"In this case, however, the real problem is whether the property is available to be taxed. It is my opinion that the property which is measured by the amount of the Federal Tax is gone out of the estate before the estate is measured for the State Tax.

"I, therefore, believe that the executor is entitled to prevail."

The order of the trial court setting aside the findings of the Supervisor of the Inheritance Tax Division of the State Tax Commission fixing an additional tax (omitting the formal portions) provides:

".   .   . Now Therefore, it is

"Ordered, Adjudged and Decreed that the Findings of the Supervisor of the Inheritance Tax Division assessing additional inheritance tax are hereby voided and set aside and the Supervisor of the Inheritance Tax Division is directed to release the property of this estate from any lien of inheritance tax."

The state has appealed from this order.

We start our consideration of this problem with a brief review of the history of the various statutes bearing on the subject and our prior decisions construing them.

In 1922, there was no statutory provision authorizing the deduction of the federal tax in computing the inheritance tax. The pertinent portion of the then existing statute relating to deductions stated:

".   .   . All property within the jurisdiction of this state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritances of this or any other state, .   .   . shall, for the use of the state, be subject to a tax as provided for in

section 9183, after the payment of all debts owing by the decedent at the time of his death, the local and state taxes due from the estate prior to his death, and a reasonable sum for funeral expenses, monument or crypt, court costs, including cost of appraisement made for the purpose of assessing the inheritance tax, the fees of executors, administrators or trustees, reasonable attorney's fees, and family allowance not to exceed $1,000.00, and no other sum . . ." Laws of 1917, chapter 146, § 1.

We discussed the present problem at considerable length in *In re Sherwood's Estate,* 122 Wash. 648, 211 Pac. 734 (1922). In holding that the federal tax was not deductible, this court said:

" . . . The right of the owner of property to direct what disposition shall be made of it after his death is not a natural right which follows from mere ownership. On the contrary, the right has its sanction in the laws of the state having jurisdiction over the person of the donor or jurisdiction over the property. The state may, if it so chooses, take to itself the whole of such property, or it may take any part thereof less than the whole and direct the disposition of the remainder; and this without regard to the wishes or direction of the person who died possessed of it, and without regard to the claims of those to whom he has directed that it be given. Stated in another way, the state's power over such property is plenary, and its right to direct its disposition unlimited. It follows from this that those claiming the property must find the foundation for their claim, in the laws of the state. They can have no claim superior to that which such laws give them.

" . . .

"Again, it is pointed out that this court has held that the tax imposed by our statute is not a tax upon the estate, but a tax on the right to receive the property of the estate (*State v. Clark,* 30 Wash. 439, 71 Pac. 20; *In re Clark's Estate,* 37 Wash. 671, 80 Pac. 267; *In re White's Estate,* 42 Wash. 360, 84 Pac. 831; *In re Stixrud's Estate,* 58 Wash. 339, 109 Pac. 343, Ann. Cas. 1912A 850, 33 L.R.A. (N.S.) 632; *In re Corbin's Estate,* 107 Wash. 424, 181 Pac. 910, 7 A.L.R. 685; *In re Ferguson's Estate,* 113 Wash. 598, 194 Pac. 771); and it is argued that this conclusion cannot soundly rest on any other principle than the principle that the tax is leviable only on the amount actually received.

"But clearly it is within the power of the legislature to declare, for the purposes of taxation, what shall be deemed

to have been received by those succeeding to the property; that is, it is within the power of the legislature to say that the whole estate passes to the successor for the purposes of taxation, and then provide that certain parts of it shall be devoted to uses which prevent it from actually passing. Moreover, the name by which the tax is called is of but little moment in determining its nature. In the language of Mr. Justice White in *Knowlton v. Moore*, 178 U. S. 41, 56:

" 'Although different modes of assessing such duties prevail, and although they have different accidental names, such as probate duties, stamp duties, taxes on the transaction, or the act of passing of an estate or a succession, legacy taxes, estate taxes or privilege taxes, nevertheless tax laws of this nature in all countries rest in their essence upon the principle that death is the generating source from which the particular taxing power takes its being and that it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested.'

"These considerations lead to the conclusion, we think, that the legislature intended to tax the entire estate less certain specifically enumerated deductions, and that, since the Federal estate tax is not among the enumerated items to be deducted, the state may legally collect a tax thereon."

After the decision in the *Sherwood* case, no change was made by the legislature in the inheritance tax statute relating to this problem for 9 years when in 1931 a new section was added by the enactment of Laws of 1931, chapter 134, § 1, reading as follows:

"Section 11201-B. In all estates the amount of the federal estate tax, as paid by the estate, shall be deducted as a claim or indebtedness against the estate."

The foregoing section remained unchanged for 30 years when in 1961 it was re-enacted in identical language as RCW 83.40.050 (See Laws of 1961, chapter 15). (There was added thereto a proviso relating to prorating the amount of federal estate tax where the decedent owned property both within and without the state of Washington.) This act contained an emergency clause stating that it was to become effective immediately. It was approved by the Governor on February 8, 1961, and thereupon became ef-

fective, although as to the problem before us the applicable law was not changed.

Shortly thereafter, the legislature, at its 1961 extraordinary session, enacted chapter 24, which contained in section 5 the following brief provision:

"Section 83.40.050, chapter 15, Laws of 1961 and RCW 83.40.050 are each repealed."

This act (chapter 24) also contained an emergency clause stating that it was to become effective on April 15, 1961.

■ The only logical conclusion to be arrived at from a review of these legislative enactments is that, since April 15, 1961, there has been, and is now, no statutory authority for holding that the amount of federal estate tax paid by the estate of a decedent is deductible as a claim or indebtedness against his estate. Hence, the amount of the inheritance tax due to the state of Washington must be computed as provided in RCW 83.04 without regard to the payment of any federal estate tax.

Unless we are to overrule or distinguish our en banc decision in *In re Sherwood's Estate, supra,* we are bound by it because the same situation exists in 1962 as existed in 1922, to wit, there is no statutory authority for including the amount of the federal estate tax as a claim or indebtedness against the estate. Therefore, the only deductions allowed by law in determining the net value of an estate for inheritance tax purposes are: all debts owing by decedent at the time of his death, state and local taxes due prior to death, a reasonable sum for funeral expenses, etc., appraisers' fees, attorneys' fees, family allowance (not exceeding $1,000) *and no other sum.* RCW 83.04.013.

In the *Sherwood* case, with two judges dissenting, the majority (for the reasons stated in the above-quoted portions of their opinion) held that the amount of the federal estate tax was not deductible from the gross value of the estate in computing the inheritance tax. For 9 years thereafter the legislature was apparently satisfied with this court's interpretation of the applicable statute. Then in 1931, the legislature changed the law so that the amount

of the federal estate tax was to be treated as a claim or indebtedness against the estate and deducted accordingly. This situation continued for 30 years without legislative action. Then on February 8, 1961, the legislature passed, and the Governor signed, an emergency act containing the same language as the 1931 act. Finally, effective April 15, 1961, the February statute was repealed, and we are now back to the pre-1931 situation with no legislative authority to make such a deduction. After a thorough consideration of the numerous decisions of this court and other courts of last resort cited in the briefs of the parties and amici curiae,[1] we are not persuaded to overrule or distinguish the *Sherwood* case.

Respondent invites our attention to several decisions of this court in which we have stated that our inheritance tax is an excise tax on the receipt by a legatee or devisee of the property of a deceased person and not a tax on the deceased person's right to transmit property at his death. For example, such statements appear in *Seattle-First Nat. Bank v. Macomber*, 32 Wn. (2d) 696, 203 P. (2d) 1078 (1949), and *In re Williamson's Estate*, 38 Wn. (2d) 259, 229 P. (2d) 312 (1951).

Based on these and similar statements in our decisions, respondent argues that, since the amount of the federal estate tax in the present case was deducted from the estate and was never received by the sole legatee, he cannot be taxed for the privilege of receiving by inheritance something which he has not, and never will, receive.

The fallacy of this argument is that, since 1935 (see § 104 *et seq.*, chapter 180, Laws of 1935), we have held that our inheritance tax statute is both an inheritance tax and an estate tax. In *In re Henry's Estate*, 189 Wash. 510, 66 P. (2d) 350 (1937), we said:

---

[1]The amici curiae have cited cases from 18 states in which it was held that, at the time those respective decisions were rendered, the federal estate tax was deductible, and cases from six other jurisdictions have been cited where the opposite result was arrived at. We think that the legislative history of our statute which we have discussed above compels agreement with the result of the decisions from the six appellate courts referred to by the amici curiae.

"Prior to the act of 1935, the inheritance taxes were payable on the right of the heir or legatee to receive. That act, however, embodied, not only that feature, but a tax upon the estate. The tax upon the estate is based upon the legal power to transmit at death, and the inheritance tax is on the privilege of succession. *In re Ferguson's Estate,* 113 Wash. 598, 194 Pac. 771, 13 A.L.R. 122; *In re Fotheringham's Estate,* 183 Wash. 579, 49 P. (2d) 480. There is no constitutional objection to embodying in the same statute provisions with reference to any inheritance tax, and also an estate tax. *State v. Eldodt,* 33 N.M. 347, 267 Pac. 55; *Stebbins v. Riley,* 268 U. S. 137, 45 S. Ct. 424, 44 A.L.R. 1454."

See, also, *In re Lloyd's Estate,* 53 Wn. (2d) 196, 332 P. (2d) 44 (1958).

■ The contention that the sole legatee in this case is being deprived of property without due process of law and is being denied equal protection of the law in contravention of the Fourteenth Amendment is answered in three decisions of the United States Supreme Court: *Stebbins v. Riley,* 268 U. S. 137, 69 L. Ed. 884, 45 S. Ct. 424, 44 A. L. R. 1454; *Frick v. Pennsylvania,* 268 U. S. 473, 69 L. Ed. 1058, 45 S. Ct. 603, 42 A. L. R. 316; *Irving Trust Co. v. Day,* 314 U. S. 556, 86 L. Ed. 452, 62 S. Ct. 398, 137 A. L. R. 1093.

In the *Frick* case, the court described the legal relationship between a state inheritance tax and the federal estate tax and held that neither the state nor the federal government, in imposing its own tax, was under any constitutional obligation to make any deduction on account of the other's tax.

We are of the opinion that the federal constitutional question suggested by respondent is without merit.

Since April 15, 1961, the statutory provisions specifying the items that are deductible from the value of the gross estate in computing the inheritance tax (and no others) have been, and now are, precisely the same as they were under the 1917 act which was construed in the *Sherwood* case. As stated above, we adhere to the interpretation of this statute which we adopted in that case.

We are not unmindful of the devastating effect on the heirs of estates (large and small) which the repeal of the

previously existing statutory provision will have, but the legislature has abolished the right to deduct the amount of the federal estate tax in computing inheritance taxes, and only the legislature can restore it.

The trial court's order setting aside the findings of the Supervisor of the Inheritance Tax Division is reversed with instructions to overrule the executor's objections thereto and sustain the imposition of the inheritance tax as computed by him. It is so ordered.

FINLEY, HUNTER, and HAMILTON, JJ., concur.

WEAVER, J. (concurring in the result)—Were this a question of first impression, I could follow the reasoning of the dissent, which, *sub silentio*, overrules *In re Sherwood's Estate*, 122 Wash. 648, 211 Pac. 734 (1922); but that is not the problem as I view it.

The majority opinion points out with clarity

" . . . that neither the state nor the federal government, in imposing its own tax, was under any constitutional obligation to make any deduction on account of the other's tax."

We are not confronted with a constitutional question, but with the determination of what our legislature intended.

To my mind, the intention of the legislature is clear. Knowing that this court said, in 1922, that the federal estate tax was not deductible, the legislature on two occasions said that it was deductible. In 1961 it reversed its field. The action of the legislature is binding upon us.

For these reasons I concur in the result of the majority opinion.

HILL, J. (dissenting)—I dissent. The trial court has correctly interpreted the letter and the spirit of our inheritance tax law.

The statute with which we are concerned imposes a tax upon

"All property within the jurisdiction of this state, and any interest therein, . . . *which shall pass*

"(1) by will or by the statutes of inheritance of this or any other state . . . " RCW 83.04.010 (Italics mine.)

It makes clear that it is an inheritance tax (83.08.010), and in RCW 83.08.020 it states that it is imposed on

"Any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom *which shall pass to . . .,*" the son of the decedent. (Italics mine.)

We have but recently been at some pains to explain the difference between an inheritance tax or a tax on succession, and an estate tax. The late Judge Harry Ellsworth Foster made the distinction clear in *In re Birkeland's Estate* (1960), 56 Wn. (2d) 441, 443, 444, 353 P. (2d) 667, when he said:

"This state has an inheritance tax as opposed to an estate tax such as prevails in the Federal system and New York. Our tax is an excise, laid upon the privilege of receiving property by inheritance. *In re Plasterer's Estate,* 49 Wn. (2d) 339, 301 P. (2d) 539. The tax is borne by the successor. *In re Ferguson's Estate,* 113 Wash. 598, 194 Pac. 771, 13 A. L. R. 122; *In re Corbin's Estate,* 107 Wash. 424, 181 Pac. 910, 7 A. L. R. 685; *In re Lotzgesell's Estate,* 62 Wash. 352, 113 Pac. 1105. By RCW 83.52.010, the personal representative of the estate is responsible for payment of the tax and payment is a prerequisite to a decree of distribution. Consequently, the valuation of the property for tax computation must precede distribution. But, nevertheless, essentially the tax comes from the legatee's pocket. It is not the decedent's estate that is taxed, but those who succeed to it. The tax is computed with reference to the value of the inherited property, but this is not a tax on the property itself. The value of the property is the measure, but the incidence of tax is the transfer laid on the person who receives it for his privilege to do so. *In re Lloyd's Estate,* 53 Wn. (2d) 196, 332 P. (2d) 44; *Seattle-First Nat. Bank v. Macomber,* 32 Wn. (2d) 696, 203 P. (2d) 1078.

"On the other hand, the federal estate tax and state taxes modeled thereon are different. Chief Justice Taft explained for the United States supreme court in *Y.M.C.A. v. Davis,* 264 U. S. 47, 68 L. Ed. 558, 44 S. Ct. 291, as follows:

" '. . . It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death.'

"Such a tax is on the estate itself, and it is the value of the property to the estate that is the basis for valuation.

"Here, where the tax is upon the privilege of succession, the tax is upon the legatee, and it is the property's value to him that is the basis for valuation."

To hold that Lawrence A. Carlson should pay a tax upon the privilege of succession to $8,995.31, the estate tax collected by the United States and which he could not receive, is neither within the spirit or letter of the inheritance tax law. I would affirm the trial court.

OTT, C. J., and ROSELLINI, J., concur with HILL, J.

*Reported in 378 P. (2d) 432.