## No. 25927

**Elva L. Camden, as Executrix of the Estate of Daisy C. Todd, Deceased, and in her individual capacity v. The People of the State of Colorado; John P. Moore, Attorney General for the State of Colorado; and Neil Tasher, Colorado Inheritance Tax Commissioner**

(518 P.2d 1172)

Decided February 11, 1974.         Rehearing denied March 4, 1974.

132

John C. Young, John C. Young, Jr., Rush L. Young, for appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Lon J. Putnam, Assistant, for appellees.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This appeal involves an interpretation of Colorado's Inheritance and Succession Tax Statute as it existed in 1957. C.R.S. '53, 138-4-1, *et seq.* Elva L. Camden, the daughter and sole heir of the deceased, in her capacity as executrix and sole legatee, asserts that the Colorado inheritance tax law does not require that an inheritance tax be paid on that part of a decedent's gross estate which is used to pay Federal

estate taxes. The appellant contends that the definition of "estate and property," set forth in the Inheritance Tax Statute (C.R.S. '53, 138-4-2), requires that the amount of the Federal estate tax paid to the United States Internal Revenue Service be deducted from the gross estate for inheritance tax purposes. The appellant's argument hinges on the interpretation of the word "transfer," as it is used in C.R.S. '53, 138-4-3. The trial court ruled that the amount of the Federal estate tax which was paid had to be included in the gross estate for Colorado inheritance tax purposes. We agree and affirm the trial court.

The appellant protested the manner of assessment and the amount of the transfer tax assessed by the Inheritance Tax Department of Colorado on her mother's estate. The Internal Revenue Service of the United States assessed and collected $32,445.55 in Federal estate taxes on the estate of the deceased. The Colorado Inheritance Tax Department computed the tax on the gross estate without deducting the Federal estate taxes. The appellant contends that the assessment and collection of the Federal estate tax diminished her inheritance and the estate to which she was the sole legatee by $32,445.55 and that she was forced to pay a tax on funds which she did not receive.

The wording in our Colorado statute provides the answer to the appellant's contention. The parties agree that the legislature has the power to define taxable inheritance in any manner which it chooses. Their only disagreement concerns the combined effect of the section of the Inheritance Tax Statute which defines "estate and property" (C.R.S. '53, 138-4-2), and the section which specifically disallows the amount of Federal estate taxes paid to the Federal Government as a deduction (C.R.S. '53, 138-4-16(d)). C.R.S. '53, 138-4-16(2)(d) provides:

"138-4-16. *Deductions allowed.* — In determining the value of property transferred by will or intestate laws the following deductions and no others shall be allowed from the full and fair value of the property to which the transfer relates:

. . . .

"(d) Federal estate taxes and taxes paid other jurisdictions on

134

account of inheritance, succession or transfer taxes shall not be considered as an expense of administration and shall not be allowed as a deduction in computing the value of the transfer for inheritance tax purposes."

In resolving this dispute, we must read and consider all the provisions of the Inheritance Tax Statute in *pari materia* and give effect to the legislature's intent. *Colorado v. Beckman,* 149 Colo. 54, 368 P.2d 793 (1961); *Dines v. Harris,* 88 Colo. 22, 291 P. 1024 (1930); *In re Thomas,* 16 Colo. 441, 27 P. 707 (1891).

*People v. Bemis,* 68 Colo. 48, 189 P. 32 (1920), establishes a background for our interpretation of the legislative intent behind our Inheritance Tax Statutes. In the *Bemis* case, we addressed the same issue which is raised in this case and said: "It has been held by this court that the inheritance tax law of this State, S.L. 1902, Sec. 21, imposes a tax on the privilege of receiving the legacy or inheritance, and not on the right to transmit by will or by intestate laws . . . .

"The Federal tax 'is imposed upon the transfer of the net estate . . . .' Therefore, it is the power to transfer upon death that is taxed by the national law, and the estate, upon the death, is, to the extent of the tax, instantly depleted . . . and, thus diminished, goes to the legatees.

. . . .

"It follows that the State tax must be measured by the estate less the ... [amount of the federal estate tax] ...." [Citations omitted.]

After the opinion in the *Bemis* case was announced, the legislature took no action to alter or change the inheritance tax laws, or to otherwise change the pronouncement in *Bemis,* for seven years. In 1927, however, the Colorado Inheritance Tax Statute was redrafted and reenacted by the legislature. Colo. Sess. Laws 1927, ch. 114, § 1, *et seq.,* p. 391. Section 3, subdivision 3(c) of the Act stated:

"Subdivision 3: In determining the value of property transferred by will or intestate laws the following deductions *and no others* shall be allowed from the full and fair value of the property to which the transfer relates:

. . . .

"(c) Death taxes paid or payable to other jurisdictions on intangible personal property." [Emphasis added.]

The enactment of the 1927 statute altered the decision in *People v. Bemis, supra,* by limiting the amount which could be deducted from the gross estate to include only that part of the death taxes paid or payable to other jurisdictions which was assessed on the intangible personal property of the deceased. Thus, as early as 1927, the legislature began to erode the holding in the *Bemis* decision. The 1927 statute imposed the State inheritance tax upon the amount of all death or estate taxes paid to other jurisdictions with the sole exception of foreign taxes which arose from the existence of intangible personal property in the holdings of.the deceased. Even that remnant of the *Bemis* decision was soon to be overcome.

In 1933, the Colorado Inheritance Tax Statute was once again redrafted and reenacted. Colo. Sess. Laws 1933, ch. 106, § 1, *et seq.,* p. 553. The 1933 reenactment did not retain the provision allowing the death taxes paid to other jurisdictions on intangible personal property to be subtracted in determining the value of the taxable transfer for inheritance tax purposes. The legislature's failure to reenact that provision evidences an intent to include the full amount of all death or estate taxes paid or payable to other jurisdictions in the taxable transfer valuation under the Colorado Inheritance Tax Statute. In 1937, the legislature again made its intent clear by enacting a provision into the Inheritance Tax Statute which stated:

"(h) Federal estate taxes and taxes paid other jurisdictions are not a deduction in computing the value of the transfer for inheritance tax purposes." Colo. Sess. Laws 1937, ch. 176, § 2(h), p. .750.

Essentially, the same provision was in effect when the estate involved in this controversy became subject to the Colorado inheritance tax assessment. C.R.S. '53, 138-4-16(d). *See* C.R.S. 1963, 138-3-16(1)(f). Since the 1937 amendment (Colo. Sess. Laws 1937, ch. 176, § 2(h), p. 750) came into effect, the Colorado Inheritance Tax Department has assessed the amount of the inheritance tax due on the gross estate

without regard to the Federal estate tax paid to the United States Internal Revenue Service. The legislature has made no effort *during* the intervening thirty-six years to alter that practice. *See* E. King, *Colorado Practice* 403 (2d ed. 1970); H. Parks, *Colorado Probate Practice Manual* 419 (1964).

■ The only logical conclusion which may be reached in light of the legislative history of C.R.S. '53, 138-4-16(d), as well as the long-standing practices of the Inheritance Tax Department, without legislative intervention, is that the legislature fully intended that the amount of Federal estate tax which was paid or is owed should be included in the estate when computing the value of the taxable inheritance. *See In re Estate of Giolitti,* 26 Cal. App.3d 327, 103 Cal. Rptr. 38 (1972); *In re Carlson's Estate,* 61 Wash.2d 359, 378 P.2d 435 (1963).

Judgment affirmed.