[No. 8281–7–I.   Division One.   May 4, 1981.]

JOHN SCANNELL, ET AL, *Appellants,* v. THE CITY OF SEATTLE, *Respondent.*

*Bendich, Stobaugh & Strong* and *David F. Stobaugh,* for appellants.

*Douglas N. Jewett, City Attorney,* and *Stephen DiJulio, Assistant,* for respondent.

SWANSON, J.—John Scannell and 16 other Seattle city

employees in intermittent positions sued the City for back vacation pay. The trial court granted the City's motion for summary judgment and denied the employees' motion for partial summary judgment on the issue of the City's liability to intermittent employees for back vacation pay. The employees appealed. Finding that the City is not liable for back vacation pay, we affirm.

The City of Seattle classifies employee positions as permanent full time, permanent part time, intermittent, and temporary. All of these positions belong to the City's classified service, but the intermittent positions are not protected by civil service rules and procedures. The City defines an intermittent position as one comprising duties that occur, terminate, and recur according to the needs of the City. Thus, employees in intermittent positions do not occupy "positions." They are merely hired as needed. Intermittent positions are funded as line items in a department's budget for miscellaneous expenses. Once the city council adopts a line item as part of the annual budget, a department may spend the appropriation for intermittent work as it desires. Any employee paid from such a line appropriation works in an intermittent position. A department makes the designation of a position as intermittent, which is unaffected by the regularity of the employee's work schedule, total hours worked, or type of work. Thus, intermittent employees may work the same hours and perform the same work as full-time employees. Intermittent employees are normally hired in the same manner as full-time employees. They remain city employees (even when not working) until resignation, layoff, or firing.

Nevertheless, intermittent employees receive neither paid vacation nor fringe benefits. The Seattle City Charter provides for employee paid vacations as follows:

> ANNUAL VACATIONS: Officers and employees on five-day-week basis shall receive annual vacations with pay at the rate of at least twelve working days per year, and others shall receive proportionate annual vacations as prescribed by ordinance. Provided, that longer vacation

periods may be prescribed on a uniform basis.

Seattle City Charter, art. 17, § 2. City employees in permanent part–time positions receive annual paid vacation proportionate to that provided for permanent full–time employees. The City has, however, consistently denied intermittent employees vacation pay as noted by code number in the City's annual salary schedule and compensation plan, which the city council summarily adopts by reference in an ordinance. The only direct reference to intermittent employees in the City's vacation ordinance states merely that intermittent employees who leave city employment and are later reemployed shall accumulate vacation pay seniority from the date of reemployment. The city vacation ordinance does not specifically exclude intermittent employees from paid vacation benefits.

Although appellants have worked many hours as intermittent employees for the City (including some who worked more hours than full–time employees during a year), none received any vacation pay for their work as intermittents. Appellant Scannell pursued his claim for vacation pay as an intermittent employee through the City's nonrepresented grievance procedure. His claim was denied because of various ordinances and the City's long–standing practice denying vacation pay to employees in intermittent positions. Scannell also submitted a claim for damages, which the City denied.

The employees contend that the Seattle City Charter grants all employees, including those in intermittent positions, proportionate annual paid vacations. They assert the provision is clearly mandatory in using the word "shall." They conclude that the City must give them full vacation benefits where they work on a 5–day–week basis and proportionate benefits when they work other hours.

■■ We find, however, that the Seattle City Charter provision for annual paid employee vacations applies only to regular permanent full–time and part–time employees. It does not include those employees in intermittent and tem-

porary positions. Although the language used does refer to employees in general, it includes only permanent employees. *Cf. Tacoma v. Civil Serv. Bd.,* 6 Wn. App. 600, 494 P.2d 1380 (1972) (holding Tacoma Charter provision granting any employee right to appeal reduction in rank or pay did not include probationary employees). For over 20 years, the Seattle City Council, which is responsible for administering the City Charter, has consistently interpreted the vacation provision to apply only to regular employees. We must give considerable weight to this reasonable contemporaneous statutory construction by the officials charged with enforcing the vacation provision. *See In re Estate of Lloyd,* 53 Wn.2d 196, 199, 332 P.2d 44 (1958); *Morin v. Johnson,* 49 Wn.2d 275, 279, 300 P.2d 569 (1956). This deference is especially appropriate where the legislative body has silently acquiesced in the statutory construction over a period of years. *See State ex rel. Pirak v. Schoettler,* 45 Wn.2d 367, 371–72, 274 P.2d 852 (1954). In statutory interpretation, the law favors rational, sensible construction. *Krystad v. Lau,* 65 Wn.2d 827, 844, 400 P.2d 72 (1965). We find the City's interpretation is rational and sensible in granting vacation benefits only to regular, permanent employees.[1] *See also United States v. Barringer,* 188 U.S. 577, 47 L. Ed. 602, 23 S. Ct. 405 (1903); *Lemily v. United States,* 418 F.2d 1337 (Ct. Cl. 1969) (both finding only regular employees were entitled to vacation benefits).

The judgment is affirmed.

JAMES, C.J., and WILLIAMS, J., concur.

Reconsideration denied June 29, 1981.

Review granted by Supreme Court October 22, 1981.

---

[1]Recognizing the possible abuses of using intermittent positions for regular permanent work requirements without payment of benefits, the City has now limited intermittent positions to a 6–month duration.